UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN HARRIS FOR E.H., a minor, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-00248 |
| v. | (SAPORITO, M.J.) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM

This is a fee-paid action for judicial review of the final decision by the Commissioner of Social Security denying an application for supplemental security income by a minor, brought pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The *pro se* complaint was filed by Erin Harris in her capacity as general guardian for a minor child, E.H.[1] *See generally* Fed. R. Civ. P. 17(b), (c)(1)(A).

Although a child-applicant for supplemental security income benefits may be represented by a non-attorney in administrative

---

[1] The complaint and other papers filed in this case simply identify Harris as "guardian" for E.H., who does not share the same surname as her guardian. In the absence of any other information, we presume that Harris is a testamentary or court-appointed general guardian for E.H. *See generally* 20 Pa. Cons. Stat. Ann. §§ 5111, 5115.

proceedings before the agency, *see* 20 C.F.R. § 416.1505(b), once in federal court, a non-attorney guardian is no longer permitted to litigate *pro se* on behalf of the child. *See Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (holding that parent and guardian could not litigate *pro se* on behalf of his children); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("It is . . . well-established in this Circuit that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court."). "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriye*, 937 F.2d at 883.

"The Court has a duty to ensure that incompetent persons are properly represented." *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 148 (3d Cir. 2021); *see also id.* at 149 ("A district court must invoke Rule 17 sua sponte . . . ."). Although E.H.'s *broader* interests may be represented by her guardian, as a non-attorney, that guardian is incapable of adequately representing E.H.'s *legal* interests. Thus, we find

it appropriate to seek to appoint pro bono counsel[2] to represent E.H. in this litigation. *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—*or issue another appropriate order*—to protect a minor . . . who is unrepresented in an action.") (emphasis added); *Powell v. Symons*, 680 F.3d 301, 310 (3d Cir. 2012) ("If he is determined to be incompetent and remains unrepresented, Rule 17(c) requires that a guardian be appointed *or some other remedial step taken*.") (emphasis added); *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("Rule 17(c)(2) requires a court to appoint counsel for an unrepresented minor in the proceedings . . . ."); *Bacon v. Mandell*, Civil Action Nos. 10-5506 (JAP), 2012 WL 4105088, at *14 (D.N.J. Sept. 14, 2012) ("While [Rule 17(c)(2)] expressly authorizes appointment of a guardian *ad litem*, the Rule's reference to 'other appropriate orders' allows the courts to resort to other measures, including appointments of conservators, *jura tertii*[,] and *pro bono* counsel.") (footnotes omitted). The plaintiff is cautioned, however, that if the court is unable to find *pro bono* counsel to represent

---

[2] Although we seek volunteer counsel for an appointment to represent E.H. in this action, we do not intend by this characterization of counsel as "pro bono" to forestall such counsel from receiving any award of fees that may be available at the conclusion of this litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

E.H., the child's claims may be subject to dismissal without prejudice.

Accordingly, the court shall conditionally appoint counsel to represent the unrepresented minor-claimant, E.H. The clerk will be ordered to forward a copy of this memorandum and the accompanying order to the *pro bono* chairman of the Middle District of Pennsylvania Chapter of the Federal Bar Association for the purpose of obtaining *pro bono* counsel to represent the minor-claimant, E.H. All filing obligations will be stayed for ninety days while the *pro bono* chairman attempts to find volunteer counsel to represent the minor-claimant, E.H.

An appropriate order follows.


Dated: June 28, 2022                *s/Joseph F. Saporito, Jr.*
                                    JOSEPH F. SAPORITO, JR.
                                    United States Magistrate Judge